## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTHONY CORTESE, individually and on behalf of others similarly situated,<br><br>            Plaintiff,<br><br>    -against-<br><br>SKANSKA KOCH, INC. and KIEWIT INFRASTRUCTURE CO.,<br><br>       Defendants. | Case No.:<br><br><br><br>**COLLECTIVE ACTION AND CLASS ACTION COMPLAINT** |

Plaintiff, Anthony Cortese ("Plaintiff"), individually and on behalf of others similarly situated by and through his attorneys, Brach Eichler LLC, hereby states as follows against defendants, Skanska Koch, Inc. ("Skanska Koch") and Kiewit Infrastructure Co. ("Kiewit") (collectively, "Defendants"):

### PRELIMINARY STATEMENT

1.     Plaintiff brings this action on behalf of (a) himself and other similarly situated employees who have worked for Defendants on the Bayonne Bridge "Raise the Roadway Plan" construction project ("the Project") on or after the date that is three (3) years before the filing of this Complaint pursuant to the FLSA; and (b) himself and other similarly situated employees who have worked for the Defendants on the Project on or after the date that is six (6) years before the filing this Complaint pursuant to the NYLL and the New York Commissioner of Labor's Wage Orders codified at 12 N.Y.C.R.R. 137 *et seq.*, to recover wages and benefits that Plaintiff and the members of the putative class are statutorily and contractually entitled to receive for work they performed on the public works Project which Defendants contracted with the Port Authority of

BE:10878912.1/COR283-277726

New York and New Jersey ("PANY").

**JURISDICTION AND VENUE**

2.      This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (Fair Labor Standards Act), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (original federal question jurisdiction).  Supplemental jurisdiction over the New York State law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3.      Venue is proper in this District because the acts and/or omissions giving rise to the claims alleged herein took place in this District.

**THE PARTIES**

4.      Skanska Koch is a foreign corporation authorized to conduct business in the State of New York and maintains its principal place of business at 400 Roosevelt Avenue, Carteret, New Jersey 07008.

5.      Kiewit is a foreign corporation authorized to conduct business in the State of New York and maintains its principal place of business at 3555 Farnam Street, Omaha, Nebraska 68131.

6.      At all times relevant hereto, Skanska Koch has been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.

7.      At all times relevant hereto, Kiewit has been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.

2

8.      At all relevant times hereto, Skanska Koch has been and continues to be an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203.

9.      At all relevant times hereto, Kiewit has been and continues to be an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203

10.     Plaintiff, and Defendants' other employees, regularly handled and used tools and equipment that were moved in or produced for interstate commerce.

11.     At all relevant times hereto, Plaintiff was engaged in interstate "commerce" within the meaning of the FLSA.

12.     Skanska Koch and Kiewit constitute an enterprise within the meaning of the FLSA, codified at 29 U.S.C. § 203(r).

13.     Skanska Koch and Kiewit constitute "joint employers" of Plaintiff and the putative class members pursuant to 29 C.F.R. § 791.2 because Defendants have an arrangement to share Plaintiff's services, act directly in the interest of each other on the Project, and/or shared control of Plaintiff and other similarly situated employees because Defendants are jointly responsible for completion of the Project as PANY's general contractor.

14.     At all relevant times hereto, Defendants have employed "employee[s]," including Plaintiff.

15.     At all relevant times hereto, Defendants have been Plaintiff's employers within the meaning of the New York Labor Law ("NYLL") §§ 2 and 651.

***Plaintiff's Employment for Defendants***

16.     Upon information, Defendants are full-service construction contractors.

17.     Upon information, in or around April 2013, Defendants entered into a contract with the PANY to serve jointly as the general contractors for the Project.

18.     The Project is a public work project to which NYLL § 220 applies.  *See Yonkers Contracting Co. v. Port Auth. Trans-Hudson Corp.*, 208 A.D.2d 63 (1995), *aff'd,* 87 N.Y.2d 927 (1996).

19.     Defendants hired employees to work in various positions on the Project in a number of trades including laborers, crane operators, and ironworkers, and employees in other similar positions.

20.     On or about August 17, 2015, Plaintiff commenced his employment as a W-2 employee of Defendant Skanska Koch as one (1) of at least New Jersey union crane operators on the Project.

21.     Specifically, Plaintiff is a crane operator on the Project.

22.     Plaintiff is also a member of the International Union of Operating Engineers, Local 825, based out of Springfield, New Jersey (the "Local 825").

## FACT ALLEGATIONS

23.     At all times relevant hereto, Defendants have committed the following acts and/or omissions with knowledge that they have been violating federal and state laws and that Plaintiff has been and continues to be economically injured.

24.     During the Project, Defendants had a policy and/or practice of permitting and/or directing New York union employees to work on the New Jersey portion/territory of the Bayonne Bridge ("Bayonne Bridge") span and New Jersey union employees to work on the New York City portion/territory of the Bayonne Bridge span

25.     More specifically, the NYC Local 40 ironworkers and the NYC Local 731 laborers

4

worked on both the New Jersey and New York City sides of the Bayonne Bridge span and received an amount at least equal to New York City prevailing wages for all work.

26.     The NJ Local 11 ironworkers and NJ Local 472 laborers predominately worked in New Jersey, but if they worked on the New York City side of the Bayonne Bridge span, they were only paid at least equal to New Jersey prevailing wages for work performed on the New York City side of the Bayonne Bridge span.

27.     When work was performed over the weekends on the main span of the old roadway, the NJ crane operators, including Plaintiff, performed work on both the New York City and New Jersey side of the Bayonne Bridge span.  The NJ crane operators were only paid at least equal to New Jersey prevailing wages for work performed on the New York City side of the Bayonne Bridge span.

28.     During the Project, Defendants had a policy and/or practice of permitting and/or directing New York union employees to work on the New Jersey portion/territory of the Bayonne Bridge ("Bayonne Bridge") span and New Jersey union employees to work on the New York City portion/territory of the Bayonne Bridge span.

29.     As a result, all construction trades, including crane operators, employed by Defendants on the Project were authorized to work anywhere on the Bayonne Bridge, regardless of whether the employee is/was a New Jersey or a New York City based union member.

30.     During the approximately five (5) months of his employment, Plaintiff performed work on the New York City side of the Bayonne Bridge while operating a 130 metric ton Liebherr LTM1130 5.1 crane and a hoist.

31.     Despite working in the New York City jurisdiction of the Project on weekends for approximately five (5) months, Plaintiff was only paid the statutory New Jersey prevailing wage

5

rate for his work within the New York City territory rather than the New York City prevailing wage for crane operators as required by NYLL § 220.

32.     NYLL § 220(3)(a) provides that the wages to be paid to laborers, workmen and mechanics upon public work shall not less than the "prevailing rate of wages … in the locality within the state where such public work on, about or in connection with which such labor is performed in its final or completed form is to be situated, erected or used."

33.     The "prevailing rate of wage" is the rate if wage paid in the locality by virtue of collective bargaining agreements between bona fide labor organizations and employers of the private sector." *See* NYLL § 220(5)(a).

34.     NYLL § 220(3)(b) further requires that laborers, workmen and mechanics upon such public work be provided "supplements" at the prevailing rate.

35.     "Supplements" are all forms of remuneration for employment paid in any medium other than cash, including but not limited to health, welfare and non-occupational disability insurance, retirement and vacation benefits, holiday pay and life insurance. *See* NYLL § 220(5)(b).

36.     Upon information and belief, a schedule of prevailing rates of wages and supplemental benefits ("Prevailing Wage Schedule") to be paid was annexed to, incorporated in or otherwise made a part of Defendants' contract with the PANY.

37.     The promise to pay and ensure payment of the prevailing wage and supplemental benefit rates in the Defendants' public works contract with PANY for the Project was made for the benefit of all workers furnishing labor on the Project and, as such, the workers furnishing labor on the Project are the intended beneficiaries of that promise.

38.     Even absent any agreement, the prevailing wage laws require wages to be paid "for

6

a legal day's work ... to laborers, workmen or mechanics upon such public works, shall not be less than the prevailing rate of wages [as defined therein]." NYLL § 220(5)(a)

39.     Pursuant to the Prevailing Wage Schedule for New York City effective from July 1, 2015-June 30, 2016, an Operating Engineer – Steel Erection II, was required to be paid the following rates:

    a.   Wage Rate per Hour:  $74.37;

    b.   Supplemental Benefit Rate per Hour:  $30.40;

    c.   Supplemental Note:  $55.10 overtime hours; and

    d.   Shift Wage Rate:  $118.99.

40.     The difference between the New Jersey prevailing wage rates paid to Plaintiff and the equivalent NYC prevailing wage rates is as follows

**HOURLY STANDARD PREVAILING WAGE:**
| | |
|---|---|
| New Jersey Hourly Prevailing Wage: | $55.34 |
| NYC Hourly Prevailing Wage: | $74.37 |
| **Difference Per Hour:** | **$19.03** |

**HOURLY ANNUITY CONTRIBUTION:**
| | |
|---|---|
| New Jersey Annuity: | $4.65 |
| NYC Hourly Annuity: | $10.25 |
| **Difference:** | **$5.60** |

**HOURLY SAVINGS/VACATION FUND CONTRIBUTIONS:**
| | |
|---|---|
| New Jersey Hourly Savings: | $1.00 |
| NYC Hourly Savings: | $4.50 |
| **Difference:** | **$3.50** |

41.     Moreover, pursuant to the Local 825 Collective Bargaining Agreement (the "CBA"), Article IV, paragraph 2 provides, in relevant part:  "When working with other trades or local unions who receive a higher irregular shift differential, the Local 825 Employee will also receive the higher shift differential."

42.     The promise to pay and ensure payment of the higher irregular shift differential to

7

Local 825 members in the CBA for the Project was made for the benefit of all Local 825 members furnishing labor on the Project and, as such, the Local 825 members furnishing labor on the Project are the intended beneficiaries of that promise.

43. The Local 825 employees on the Project regularly worked an "irregular shift" with other trades or local union members who received a higher irregular shift differential than provided by Local 825.

44. Notwithstanding the CBA, Plaintiff and other Local 825 employees were not compensated at the higher irregular shift differential of the other trades or local union members they worked with on the Project during "irregular" shifts.

## **COLLECTIVE ACTION ALLEGATIONS**

45. Pursuant to the FLSA, §§ 207 and 216(b), Plaintiff brings his first cause of action as a collective action on behalf of himself and other similarly situated employees of Defendants.

46. Defendants' failure to comply with the FLSA extended beyond the Plaintiff to all other similarly situated employees insofar as Defendants had a policy to not pay their New Jersey union member employees at one and half times the New York City prevailing wage rate for all hours over forty (40) per week for work performed on the New York City side of the Bayonne Bridge span.

47. Plaintiff seeks certification of the first cause of action pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of himself, individually, and all other similarly situated current and former individuals New Jersey union members employed by Defendants on the Project who have been denied payment of one and half times the New York City prevailing wage rate for all hours over forty (40) per week for work performed on the New York City side of the Bayonne Bridge span.

BE:10878912.1/COR283-277726

48.     Upon information and belief, there are at least fifty (50) current and former New Jersey union member employees of Defendants who have been denied payment of one and half times the New York City prevailing wage rate for all hours over forty (40) per week for work performed on the New York City side of the Bayonne Bridge span while working for Defendants on the Project.

49.     At all relevant times, Plaintiff and others who are and/or have been similarly situated, were paid by Defendants in similar ways, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them one and half times the New York City prevailing wage rate for all hours over forty (40) per week for work performed on the New York City side of the Bayonne Bridge span.  The claims of Plaintiff stated herein are similar to those of the other employees.

### CLASS ACTION ALLEGATIONS UNDER FED. R. CIV. P. 23(b)(3)
### FOR VIOLATIONS OF THE NYLL

50.     Pursuant to NYLL § 220 and the New York common law of contract, unjust enrichment, and quantum meruit, Plaintiff brings his Second, Third, Fourth, Fifth, Sixth, Seventh, and Eighth causes of action under Fed. R. Civ. P. 23 on behalf of himself and a class of persons consisting of all labor foremen and general laborers who are or were formerly employed by Defendants on the Project from its commencement through the entry of final judgment in this case (the "NYLL Class Period") who (i) were not paid New York City prevailing wage rates for all hours worked on the New York City side of the Bayonne Bridge span (the "NYLL Class"), and (ii) were Local 825 members that were not paid the higher irregular shift differential of any trade or union member with whom the Local 825 members worked an irregular shift (the "Local 825 Class").

51.     More specifically, the NYLL Class consists of Plaintiff and each and every other

9

person who performed work in such construction trades, which include but are not limited to crane operators and other related construction trades, for Defendants and/or other entities controlled by Defendants for the Project who:  (i) were not paid New York City prevailing wage rates for work performed on the New York City side of the Bayonne Bridge span; and/or (ii) were not paid two (2) times the New York City prevailing wage rate for all hours over forty (40) per week and/or eight (8) hours per day for work performed on the New York City side of the Bayonne Bridge span.

52.     More specifically, the Local 825 Class consists of Plaintiff and each and every other person who were members of Local 825 and were not paid at the higher irregular shift differential of the other trades or local union members with whom they worked with during "irregular" shifts on the Project.

53.     Upon information and belief, the classes of persons consist of not less than forty (40) employees, and the classes are thus so numerous that joinder of all members is impracticable under the standards of Fed. R. Civ. P. 23(a)(1).

54.     There are questions of law and fact common to the classes which predominate over any questions affecting only individual members, specifically:  (i) whether Plaintiff's and the NYLL Class' work on the New York City side of the Bayonne Bridge span for the Project is subject to the jurisdiction and the prevailing wage requirements of the NYLL § 220 and the New York City Prevailing Wage Schedule; (ii) whether Defendants breached their contracts with the PANY by failing to pay Plaintiff and the members of the NYLL Class, who were the third-party beneficiaries of such contracts, at New York City prevailing wage rates for all hours worked on the New York City side of the Bayonne Bridge span for the Project; (iii) whether Defendants failed and/or refused to pay Plaintiff and the members of the NYLL Class overtime wages at the

New York City prevailing wage overtime rates for all hours worked on the New York City side of the Bayonne Bridge span for the Project in excess of forty (40) hours per workweek or eight (8) hours per day; (iv) whether Defendants failed and/or refused to pay Plaintiff and the members of the NYLL Class supplemental benefits as required by the New York City prevailing wage schedule for their work on the New York City side of the Bayonne Bridge span for the Project; (v) whether Defendants were unjustly enriched by failing to pay Plaintiffs and the members of the NYLL Class at prevailing wage rates for work on the New York City side of the Bayonne Bridge span for the Project; (vi) whether Defendants breached the CBA with Local 825 by failing to pay Plaintiff and the members of the Local 825 Class, who were the third-party beneficiaries of the CBA, at the higher irregular shift differential of the other trades or local union members with whom they worked with during "irregular" shifts on the Project.

55.    The claims of Plaintiff are typical of the claims of the above-described class in that all the members of the class have been similarly affected by the acts and practices of the Defendants.

56.    Plaintiff will fairly and adequately protect the interests of the members of the class, in that his interests are not adverse to the interests of the other members of the class and Plaintiff's counsel is experienced in handling class litigation.

57.    A class action is superior to the other available methods for the fair and efficient adjudication of the controversy under the standards of Fed. R. Civ. P. 23(b)(3).

58.    The Second, Third, Fourth, Fifth, Sixth, Seventh, and Eighth causes of action are also properly maintainable as a class action under Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the NYLL Class and Local 825 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with

respect to the NYLL Class and Local 825 Class as a whole.

59.     Plaintiff brings the Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth claims for relief herein on behalf of himself and all other persons similarly situated as a class action pursuant to Fed. R. Civ. P. 23, in respect to all claims that Plaintiff and all persons similarly situated have against the Defendants as a result of the Defendants' (i) violations under the NYLL, (i) breach of their contract with the PANY, and (iii) breach of the Local 825 CBA.

## FIRST CLAIM FOR RELIEF
**(FLSA Overtime Wage Violations Against Defendants – Collective Action)**

60.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

61.     Throughout the statute of limitations period covered by these claims, Plaintiff and others similarly situated regularly worked in excess of forty (40) hours per workweek.

62.     At all relevant times hereto, Defendants have had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of knowingly and willfully failing and refusing to pay Plaintiff and others similarly situated one and a half times the statutorily required New York City prevailing wage rate for all hours over forty (40) per week for work performed on the New York City side of the Bayonne Bridge span in violation of the FLSA, 29 U.S.C. § 207.

63.     The foregoing conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

64.     Plaintiff and others similar situated seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA, 29 U.S.C. § 216, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

BE:10878912.1/COR283-277726

**SECOND CLAIM FOR RELIEF**
**(NYLL Overtime Wage Violations Against Defendants – Class Action)**

65.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

66.     New York law prohibits an employer from permitting an employee to work without paying overtime wages for all hours worked in excess of forty (40) in any workweek.

67.     Throughout the statute of limitations period covered by these claims, Defendants knowingly, willfully, regularly and repeatedly have failed to pay Plaintiff and members of the NYLL Class the required overtime rates, two (2) times their regular rate of pay, for hours worked in excess of forty (40) per workweek and/or eight (8) hours per day.

68.     Defendants' NYLL violations have caused Plaintiff and the NYLL Class members irreparable harm for which there is no adequate remedy at law.

69.     As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and the members of the NYLL Class have sustained damages and seeks recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

**THIRD CLAIM FOR RELIEF**
**(NYLL Failure to Pay Wages Against Defendants – Class Action)**

70.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

71.     The prevailing wages, supplemental benefits and overtime compensation not paid to Plaintiff and members of the NYLL Class are wages within the meaning of NYLL §§ 190, 198 and 198(1-a).

72.     Defendants violated NYLL § 191 by failing to timely pay to Plaintiff and the members of the NYLL Class the statutorily and contractually required prevailing wages,

13

supplemental benefits and overtime compensation required by the New York City prevailing wage schedule for all work performed on the New York City side of the Bayonne Bridge span for the Project.

73.     As a direct and proximate result of Defendants' willful and unlawful conduct, Plaintiff has sustained damages and seeks damages in accordance with §198 of the NYLL because Defendants failed to provide such payment, along with attorneys' fees, costs and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF
### (NYLL Article 6 Violation Against Defendants – Class Action)

74.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

75.     The prevailing wages, supplemental benefits and overtime compensation Defendants were obligated to Plaintiff and members of the NYLL Class are wages within the meaning of NYLL §§ 190 and 198.

76.     NYLL, Article 6, § 195(3) provides, inter alia, that every employer shall furnish each employee with every payment of wages a statement listing gross wages, deductions and net wages, and upon request of an employee, furnish an explanation of how such wages were computed.

77.     Defendants' willful failure to pay Plaintiff and the NYLL Class members overtime and prevailing wages and supplemental benefits, coupled with Defendants' failure to provide Plaintiff and members of the NYLL Class with a statement listing gross wages, deduction and net wages with each way payment are violations of Article 6 of the NYLL.

78.     As a direct and proximate result of Defendants' willful and unlawful conduct, Plaintiff has sustained damages and seeks damages in accordance with §198 of the NYLL because

14

Defendants failed to provide such payment, along with attorneys' fees, costs and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

### FIFTH CLAIM FOR RELIEF
**(Quantum Meruit Against Defendants – Class Action
Pled in the Alternative)**

79.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

80.     At all relevant times hereto, Plaintiff and members of the NYLL Class performed numerous and valuable services at the request and for the benefit of Defendants.  The reasonable value of those services for which Plaintiff and other members of the NYLL Class have not been paid is in an amount to be determined at trial, plus interest, costs and professional fees.

81.     Plaintiff and the other members of the NYLL Class seek payment from Defendants for the reasonable value of services provided to Defendants.

82.     Defendants have never paid Plaintiff or the other members of the NYLL Class at the correct prevailing wage rate and benefit rate.

83.     Plaintiff and the other members of the NYLL Class had a reasonable expectation of payment at the New York City prevailing wage and benefit rate for the hours worked on the New York City side of the Bayonne Bridge span for the Project.

84.     By reason for the foregoing, Defendants are liable to Plaintiff and the other members of the NYLL Class in an amount to be determined at trial, together with an award of interest, costs, disbursements, and such other legal and equitable relief as this Court deems just and proper.

<u>**SIXTH CLAIM FOR RELIEF**</u>
**(Unjust Enrichment Against Defendants – Class Action
Pled in the Alternative)**

85.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

86.     At all relevant times hereto, Plaintiff and the other members of the NYLL Class performed a significant amount of work for Defendants for which they have not been paid.

87.     Upon information, when Defendants entered into the contract with the PANY for the Project, they agreed to pay the statutorily required prevailing wage, supplemental benefit and overtime compensation rates to Plaintiffs and the other members of the NYLL Class.

88.     As a result of Defendants' failure to pay said wages, Defendants were unjustly enriched for work and services performed by Plaintiff and the other members of the NYLL Class in an amount to be determined at trial, together with an award of interest, costs, disbursements, and such other legal and equitable relief as this Court deems just and proper.

<u>**SEVENTH CLAIM FOR RELIEF**</u>
**(Breach of Contract Against Defendants – Class Action)**

89.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

90.     Upon information, Defendants contract with the PANY for the Project contained a schedule of the prevailing rates of wages and supplemental benefits to be paid to Plaintiff and the other members of the NYLL Class.

91.     Those prevailing rates of wages and supplemental benefits were made a part of Defendants' contract with the PANY for the benefit of Plaintiff and the other members of the NYLL Class.

92.     Defendants breached their contract with the PANY by willfully failing to pay and ensure payment to Plaintiff and the other members of the NYLL Class the prevailing rates of wages and supplemental benefits for all labor performed for the Project.

16

93.     By reason of their breach of their contract with the PANY for the Project, Defendants are also liable to Plaintiff and the other members of the NYLL Class in an amount to be determined at trial, together with an award of interest, costs, disbursements, and such other legal and equitable relief as this Court deems just and proper.

## EIGHTH CLAIM FOR RELIEF
### (Breach of Contract Against Defendants – Class Action)

94.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

95.     Upon information, Defendants were bound by the Local 825 CBA as to all employees on the Project who were members of Local 825.

96.     The Article IV, paragraph 2 of the Local 825 CBA required that Defendants pay Local 825 members the higher irregular shift differential of any trade or union member with whom the Local 825 members worked an irregular shift.

97.     Defendants breached the Local 825 CBA by willfully failing to pay and ensure payment to Plaintiff and the other members of the NYLL Class the higher irregular shift differential of any trade or union member with whom the Local 825 members worked an irregular shift for the Project.

98.     By reason of their breach of the Local 825 CBA, Defendants are liable to Plaintiff and the other members of the NYLL Class in an amount to be determined at trial, together with an award of interest, costs, disbursements, and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment awarding:

    A.  Compensatory Damages in an amount to be determined at trial;

    B.  Prejudgment Interest;

C.  Liquidated Damages pursuant to the FLSA and NYLL;

D.  Punitive Damages;

E.  Plaintiff's costs and reasonable attorneys' fees; and

F.  Any relief the Court deems just and proper.

**BRACH EICHLER LLC**
Attorneys for Plaintiff

_____
BOB KASOLAS, ESQ.

Dated: February 24, 2020

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

**BRACH EICHLER LLC**
Attorneys for Plaintiff

_____
BOB KASOLAS, ESQ.

Dated: February 24, 2020

18