# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTHONY CORTESE, individually and on behalf of others similarly-situated, | Civil Action No. 1:20-cv-01632 |
| *Plaintiff*, | |
| -vs- | |
| SKANSKA KOCH, INC.; KIEWIT INFRASTRUCTURE CO., and SKANSKA KOCH-KIEWIT JV | |
| *Defendants*. | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS SKANSKA KOCH, INC. AND SKANSKA KOCH-KIEWIT JV'S FRCP 12(b)(6) MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

PECKAR & ABRAMSON, P.C.
1325 Avenue of the Americas
10th Floor
New York, NY  10019
(212) 382-0909
*Attorneys for Defendants Skanska Koch, Inc. and Skanska Koch-Kiewit JV, Inc.*

*On the Brief:*

Gregory R. Begg, Esq.

4376252_6

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

**TABLE OF AUTHORITIES** ..................................................................................................ii

**PRELIMINARY STATEMENT** ...........................................................................................1

**SUMMARY OF CLAIMS AND ALLEGATIONS** ................................................................3

**STANDARD FOR A MOTION TO DISMISS UNDER FRCP 12(b)(6)** ...............................4

**LEGAL ARGUMENT** ...........................................................................................................5

**POINT I** ...............................................................................................................................5

     **PLAINTIFF'S FIRST CLAIM FOR RELIEF PURSUANT TO THE FLSA IS
     BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS** ........................5

**POINT II** ..............................................................................................................................6

     **PLAINTIFF'S WAGE AND OVERTIME CLAIMS ARE PREEMPTED
     BY THE NLRA UNDER GARMON** ....................................................................6

**POINT III** ............................................................................................................................9

     **PLAINTIFF'S SIXTH CLAIM FOR RELIEF IS PREEMPTED BY
     THE LMRA** ..........................................................................................................9

**POINT IV** ...........................................................................................................................15

     **PLAINTIFF'S NYLL ARTICLE 6 CLAIMS (FOURTH CLAIM FOR
     RELIEF) MUST BE DISMISSED AS A MATTER OF LAW BECAUSE
     PLAINTIFF DOES NOT SUFFICIENTLY ALLEGE A DEFICIENCY
     AS A MATTER OF LAW** ...................................................................................15

**CONCLUSION** ...................................................................................................................16

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Air Transp. Ass'n of Am. v. Prof'l Air Traffic Controllers Org.,
    667 F.2d 316 (2d Cir.1981).........................................................................8

Allis-Chalmers Corp. v. Lueck,
    471 U.S. 202 (1985)........................................................................10, 12, 13

Antol v. Esposto,
    100 F.3d 1111 (3d Cir. 1996).....................................................................11

Ashcroft v. Iqbal,
    556 U.S. 662 (2009)...............................................................................4, 5

Avedisian v. Quinnipiac Univ.,
    387 F. App'x 59 (2d Cir. 2010) ..................................................................11

Baker v. Kingsley,
    387 F.3d 649 (7th Cir. 2004)......................................................................11

Barbieri v. United Techs. Corp.,
    255 Conn. 708 (2001) ..............................................................................8

Bldg. Trades Employers' Educ. Ass'n v. McGowan,
    No. 98 CIV. 4998 (MBM), 2001 WL 682740 (S.D.N.Y. June 18, 2001), rev'd
    on other grounds, 311 F.3d 501 (2d Cir. 2002)...........................................6

Blue Tee Corp. v. Koehring Co.,
    754 F. Supp. 26 (S.D.N.Y. 1990), judgment clarified, 763 F. Supp. 754
    (S.D.N.Y. 1991)....................................................................................13

Brown v. Sterling Aluminum Prod. Corp.,
    365 F.2d 651 (8th Cir. 1966)......................................................................12

DelCostello v. Int'l Bhd. of Teamsters,
    462 U.S. 151 (1983)................................................................................14

4376252_6

Doyle v. United Airlines, Inc.,
    914 F. Supp. 2d 325 (E.D.N.Y. 2012) ....................................................................14

Franchise Tax Bd. v. Constr. Laborers Vacation Trust,
    463 U.S. 1 (1983) ...................................................................................................10

Heredia v. Americare, Inc.,
    No. 17 CIV. 06219 (RWL), 2020 WL 3961618 (S.D.N.Y. July 13, 2020) ............16

International Ass'n of Machinists v. Gonzales,
    356 U.S. 617 (1958) .................................................................................................7

Kaufman v. Allied Pilots Ass'n,
    274 F.3d 197 (5th Cir. 2001) ...................................................................................8

Lingle v. Norge Div. of Magic Chef,
    486 U.S. 399 (1988) ...............................................................................................11

Livadas v. Bradshaw,
    114 S. Ct. 2068 (1994) .............................................................................................8

Llanos v. Brookdale Univ. Hosp. & Med. Ctr.,
    No. 10-CV-1726 DLI RML, 2011 WL 809615 (E.D.N.Y. Mar. 2, 2011)...............13

Local 174, Teamsters, Chauffeurs, Warehousemen & Helpers of America v. Lucas
    Floor Co.,
    369 U.S. 95 (1962) ...................................................................................................9

Lynn v. Jefferson Health System,
    No. CIV 09-6086, 2010 WL 3656634 (E.D. Pa. Sept. 15, 2010) ...........................11

Metro. Life Ins. Co. v. Massachusetts,
    471 U.S. 724 (1985) .................................................................................................8

Silverman ex rel. NLRB v. Major League Baseball Player Relations Comm.,
    67 F.3d 1054 (2d Cir. 1995) ....................................................................................7

Republic Steel Corp. v. Maddox,
    379 U.S. 650 (1965) ...........................................................................................7, 12

Salamea v. Macy's E., Inc.,
    426 F. Supp. 2d 149 (S.D.N.Y. 2006) ....................................................................12

San Diego Bldg. Trades Council, Millmen's Union, Local 2020 v. Garmon,
   359 U.S. 236 (1959) ............................................................................. 2, 7, 8, 9, 11

Sears, Roebuck & Co. v. San Diego County Dist. Council of Carpenters,
   436 U.S. 180 (1978) .......................................................................................... 8

Semper v. New York Methodist Hosp.,
   786 F. Supp. 2d 566 (E.D.N.Y. 2011) .......................................................... 13

U.S. ex rel. Siegel v. Roche Diagnostics Corp.,
   988 F. Supp. 2d 341 (E.D.N.Y. 2013) ............................................................ 4

Silverman v. Verrelli,
   No. CIV.A. 11-6576 SRC, 2012 WL 395665 (D.N.J. Feb. 7, 2012) ....................... 10

Textile Workers v. Lincoln Mills,
   353 U.S. 448 (1957) ........................................................................................ 10

Vaca v. Sipes,
   386 U.S. 171 (1967) ........................................................................................ 13

Verbal v. Giant of Maryland, LLC,
   204 F. Supp. 3d 837 (D. Md. 2016) ............................................................... 14

Walsh v. Int'l Bhd. of Elec. Workers (I.B.E.W.) Local 503,
   62 F. Supp. 3d 300 (S.D.N.Y. 2014) .............................................................. 10

White v. White Rose Food, a Div. of DiGiorgio Corp.,
   128 F.3d 110 (2d Cir. 1997) ........................................................................... 14

Wright v. Merk,
   118 F. Supp. 3d 1228 (E.D. Wash. 2015) ........................................................ 8

**Statutes**

9 U.S.C.A. § 10 ......................................................................................................... 13

29 U.S.C.A. § 255 ....................................................................................................... 5

29 U.S.C. § 158(a)(5) ................................................................................................. 6

29 U.S.C. § 185(a) .................................................................................................... 10

4376252_6

Labor Management Relations Act  Section 301 ...........................................3,4,9,10,11,12,13,14,15

National Labor Relations Act § 7 .........................................................................................7

NLRA Section 8(a)(5) ....................................................................................................6, 7

NLRA § 9(a) ....................................................................................................................6

NYLL Sections 191 and 198..............................................................................................3

NYLL Section 196(3) .......................................................................................................3

NYLL Section 232 ............................................................................................................3

**Other Authorities**

FRCP 12(b)(6)..............................................................................................................4, 16

FRCP Rule 23 .................................................................................................................3,6

## PRELIMINARY STATEMENT

Defendants Skanska Koch, Inc. and Skanska Koch-Kiewit JV (collectively "Defendants"), respectfully submit this memorandum of law in support of their motion to dismiss all claims in the Second Amended Collective Action and Class Action Complaint (the "SAC") filed in this action by Plaintiff, Anthony Cortese (hereafter "Plaintiff"), pursuant to Federal Rule of Civil Procedure (hereafter "FRCP") 12(b)(6).

Plaintiff alleges that he is a member of the International Union of Operating Engineers, Local 825 (hereafter "IUOE") and that he was employed for five months commencing August 17, 2015 on the Bayonne Bridge project (the "Project") pursuant to a collective bargaining agreement with his employer ("CBA"). (SAC, ECF# 29, at Paragraphs 26-27, 34).

The cornerstone to Counts 1, 2, 3, 4 and 5 is his allegation that, as a third-party beneficiary of an agreement ("Construction Agreement") between Defendant Skanska Koch-Kiewit JV and the Port Authority of New York and New Jersey ("PANYNJ")[1], he is entitled to receive compensation at variance with the applicable CBA. More specifically, he alleges that his base wage should be set, not by the CBA, but by "Prevailing Wage Law" because - he alleges- the Construction Agreement

---

[1] Defendant Skanska Koch-Kiewit JV was the entity that held the contract with the PANYNJ and is a joint venture composed of Skanska Koch Inc. and Kiewit Infrastructure Co. In a declaration filed this date in support of Plaintiff's Motion for Conditional Certification of the FLSA Collective Action (ECF #36), Plaintiff Cortese conceded that he was only employed by the Defendant joint venture and not the individual joint venturers. Defendants Skanska Koch Inc. and Kiewit Infrastructure Co. reserve their rights with respect to the propriety of their being named in this suit. Any allegations or references in the SAC to Plaintiff's employer should have been limited to the joint venture.

required Defendants to do so.[2]  There is no allegation that IUOE consented to any variation of its CBA in this regard.   In essence, Plaintiff seeks to enforce a third-party agreement which -if enforced- would require Defendant to violate the CBA and which would constitute an Unfair Labor Practice ("ULP") prohibited by the National Labor Relations Act ("NLRA"). As discussed below, common law claims which conflict with actions either protected or prohibited the NLRA are completely preempted under the Supreme Court's holding in <u>San Diego Bldg. Trades Council, Millmen's Union, Local 2020 v. Garmon</u>, 359 U.S. 236 (1959) and its progeny.

Count 1 under the Fair Labor Standards Act ("FLSA") must be dismissed for the additional reason that it is barred by the applicable statute of limitations.   Count 4 of the SAC must be dismissed for the additional reason that no breach of the law has been alleged. New York Labor Law ("NYLL") Article 6 requires employers to provide employees with a detailed statement of wages and benefits each pay period. He does not claim that wage statements were not provided or that the statements did not accurately reflect what he actually received. Rather, he claims that the failure to pay him what he asserts he is entitled to pursuant to the Construction Agreement constitutes a violation of NLLL Article 6.   As discussed below, his allegations do not constitute a violation of NYLL Article 6.

---

[2] It is not alleged that any particular prevailing wage statute applies as a matter of contract, but rather as a matter of contract as referenced in the Construction Agreement. Nevertheless, Defendants deny that any statutory obligation to pay prevailing wage applies.

4376252_6

2

In Count 6, Plaintiff sues for breach of the CBA alleging that Defendants failed to pay an "irregular shift differential" as required under the CBA.  That claim is clearly preempted by the Labor Management Relations Act ("LMRA").

All of the arguments herein pertain to Plaintiff as an individual and are phrased as such, however, they pertain to each and every member of a putative FLSA Collective or Rule 23 Class equally as each such person is covered by the collective bargaining agreement for their particular trade.  Accordingly, all individual and putative collective or class claims must be dismissed.

## SUMMARY OF CLAIMS AND ALLEGATIONS.

In Plaintiff's First and Second Claims for Relief, Plaintiff alleges that he is entitled to overtime compensation under the FLSA (SAC, Paragraphs 62-67) and NYLL Section 232 (SAC, Paragraphs 68-72) utilizing a "prevailing wage" base hourly rate, instead of the CBA rate, by virtue of the Construction Agreement.  He does not allege that Defendants failed to pay him FLSA or NY Labor Law overtime at the wage rate he was actually paid: the wage owed under the CBA.

In Count 3, Plaintiff alleges that he is owed straight time wages pursuant to NYLL Sections 191 and 198 utilizing a "prevailing wage" base hourly rate, instead of the CBA rate, by virtue of the Construction Agreement. (SAC, Paragraphs 73-77).  He does not allege that Defendants failed to pay him straight time at the wage rate he was actually paid: the wage owed under the CBA.

In Count 4, Plaintiff alleges that Defendants failed to provide appropriate wage statements required under NYLL Section 196(3). (SAC, Paragraph 78-82).  His claim is not that Defendants

4376252_6

did not provide appropriately detailed wage statements, but rather that because the Defendants utilized an incorrect wage rate, the statements failed to comply with the law.

In Count 5, Plaintiff asserts that, as a third-party beneficiary to the Construction Agreement, he is entitled to a base wage (and consequently overtime) set by "prevailing wage law." (SAC, Paragraphs 83-87). He is not clear as to what prevailing wage law he is referring, though he does state that the Construction Agreement requires payment of wages pursuant to Davis Bacon Act. He does not assert that he is entitled to prevailing wages as a matter of statute, but purely as a matter of a contractual promise between Defendant Skanska Koch-Kiewit JV and PANYNJ.

In Count 6, Plaintiff asserts a breach of contract claim alleging that he is entitled to a shift differential set by the CBA. He does not attempt to plead a cause of action under LMRA Section 301. (SAC, Paragraphs, 88-92).

### STANDARD FOR A MOTION TO DISMISS UNDER FRCP 12(b)(6)

In order to survive a motion to dismiss pursuant to FRCP 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, supra, 556 U.S. at 678. In deciding a motion to dismiss, "a court must 'accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor.'" U.S. ex rel. Siegel v. Roche Diagnostics Corp., 988 F. Supp. 2d 341, 343 (E.D.N.Y. 2013) (quoting LaFaro v. New York Cardiothoracic Grp., PLLC, 570 F.3d 471, 475 (2d Cir. 2009)).

However, the Supreme Court held in <u>Iqbal</u> that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" and that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  <u>Iqbal</u>, 556 U.S. at 678–79.  Further, the <u>Iqbal</u> court held that "only a complaint that states a plausible claim for relief survives a motion to dismiss." <u>Id</u>.  As discussed below, his pleadings fail to state any cognizable claim, even assuming his factual allegations are true.

## LEGAL ARGUMENT

## POINT I

## PLAINTIFF'S FIRST CLAIM FOR RELIEF PURSUANT TO THE FLSA IS BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS.

Claims pursuant to the Fair Labor Standards Act "may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued" 29 U.S.C.A. § 255.  Plaintiff alleges in the SAC that he began working on the Project on August 17, 2015 and that he worked on the Project for five months thereafter.  (Complaint Paragraphs 26 and 34).  Even applying the longer three-year statute of limitations under the FLSA for a "willful" violation, Plaintiff's statute of limitations would have run in or around January 2019, more than a year prior to the filing of the Complaint.  Taking the allegations in the Complaint as true, Plaintiff's claims under the FLSA are clearly time-barred and must be dismissed.

## POINT II

## PLAINTIFF'S WAGE AND OVERTIME CLAIMS ARE PREEMPTED BY THE NLRA UNDER GARMON

Plaintiff's First, Second, Third, Fourth, and Fifth Claims for Relief are premised on the fact that he believes he was entitled to, but did not receive "prevailing wages" for his work on Defendants' Bayonne Bridge Project.  (See SAC).  Plaintiff, as a member of the IUOE, is subject to the CBA.  Plaintiff's wages, benefits, and other terms and conditions of employment are therefore governed by that CBA.  He makes parallel allegations with respect to other members of the putative FLSA Collective and putative FRCP Rule 23 class.  The essence of his claim is that the Construction Agreement requires his employer to pay him wages and benefits at variance with the CBA which governs his terms and conditions of employment.  As such, his claim is preempted by the NLRA.

According to § 8(a)(5), of the NLRA it is an unfair labor practice ("ULP") for an employer to refuse to engage in collective bargaining with its employees' union. 29 U.S.C. § 158(a)(5) (codifying § 8(a)(5) of the Act). An employer commits a ULP by refusing to negotiate with its employees' union over mandatory subjects of collective bargaining. These mandatory subjects, listed in § 9(a) of the NLRA, are: "rates of pay, wages, hours of employment, or other conditions of employment." Id. § 159(a) (codifying § 9(a) of the Act).  In addition to a literal refusal to sit down at the bargaining table, an employer also violates § 8(a)(5) by unilaterally implementing a change in the workplace that violates its collective bargaining agreement. Bldg. Trades Employers' Educ. Ass'n v. McGowan, No. 98 CIV. 4998 (MBM), 2001 WL 682740, at *3 (S.D.N.Y. June 18, 2001), rev'd on other grounds, 311 F.3d 501 (2d Cir. 2002).

4376252_6

6

If Defendant Skanska Koch-Kiewit JV were to abide by the Construction Agreement as it pertains to wages and benefits for workers covered by a CBA, it would violate the CBA and thus commit an unfair labor practice under Section 8(a)(5) of the NLRA.  Id.;  See also Silverman ex rel. NLRB v. Major League Baseball Player Relations Comm., 67 F.3d 1054, 1056 (2d Cir. 1995)(finding that matters were related to wages, hours, and other terms and conditions of employment were mandatory subjects for collective bargaining and that unilateral actions affecting salary and free agency constituted unfair labor practices).

The U.S. Supreme Court has found preemption in cases where state statutes or common law claims concern conduct which is arguably permitted or prohibited by the NLRA.  Garmon, 359 U.S. 236; International Ass'n of Machinists v. Gonzales, 356 U.S. 617 (1958); Republic Steel Corp. v. Maddox, 379 U.S. 650, 652–53 (1965)[3]

The Supreme Court held in Garmon:

> When it is clear or may fairly be assumed that the activities which a State purports to regulate are protected by § 7 of the National Labor Relations Act, or constitute an unfair labor practice under § 8, due regard for the federal enactment requires that state jurisdiction must yield. To leave the States free to regulate conduct so plainly within the central aim of federal regulation involves too great a danger of conflict between power asserted by Congress and requirements imposed by state law.

Garmon, 359 U.S. at 244.

"Conduct only need be "arguably subject to § 7 or § 8 of the [NLRA]" to be preempted under Garmon. Garmon, 359 U.S. at 245.  Garmon and its progeny have been applied to preempt

---

[3] Plaintiff, perhaps could have and should have brought a grievance, through his Union, under the CBA or file a ULP charge with the NLRB.

state statutes and state common law claims which concern activities which are protected or prohibited under the NLRA. See Kaufman v. Allied Pilots Ass'n, 274 F.3d 197 (5th Cir. 2001)(holding that state law claims of tortious interference with contract were federally preempted under Garmon and must be dismissed); Wright v. Merk, 118 F. Supp. 3d 1228, 1237 (E.D. Wash. 2015)(holding that the plaintiff's implied contract claim was preempted under Garmon).  Livadas v. Bradshaw, 114 S. Ct. 2068 (1994)(federal law preempted Commissioner's policy construing state law to bar enforcement of statutes requiring employers to pay all wages due immediately upon employee's discharge, and imposing penalty for refusal to promptly pay, if terms and conditions of employee's employment were governed by collective-bargaining agreement containing arbitration clause); Barbieri v. United Techs. Corp., 255 Conn. 708, 745–46 (2001)(holding that plaintiffs' claims, which seek to enforce individual contracts for the payment of the wage supplements above the bargained for wage rates in the collective bargaining agreement, are subject to the exclusive jurisdiction of the National Labor Relations Board under Garmon and its progeny.)

Garmon preemption protects the federal scheme of regulation of labor relations as well as the Board's primary jurisdiction to decide what conduct is protected or prohibited in labor-management relations under the NLRA. Such preemption thereby assures a coherent national labor policy. See Metro. Life Ins. Co. v. Massachusetts, 471 U.S. 724, 748 (1985); Sears, Roebuck & Co. v. San Diego County Dist. Council of Carpenters, 436 U.S. 180, 187–88 (1978); see also Air Transp. Ass'n of Am. v. Prof'l Air Traffic Controllers Org., 667 F.2d 316, 323 (2d Cir.1981) ("Garmon rests primarily on the need to ensure a consistent body of federal labor law by preempting potentially inconsistent state court adjudication.").

Plaintiff's First, Second, Third, Fourth and Fifth Claims for Relief arise out of a third-party agreement which purports to require Plaintiff's employer to provide compensation at variance with the applicable CBA.  In essence, Plaintiff is asserting a third-party contract to compel Defendant Skanska Koch-Kiewit JV to violate the applicable CBA which would constitute a violation of the NLRA.  Accordingly, Plaintiff's First, Second, Third, Fourth and Fifth Claims for Relief are preempted under <u>Garmon</u> and must be dismissed.


## POINT III

### PLAINTIFF'S SIXTH CLAIM FOR RELIEF IS PREEMPTED BY THE LMRA

In Count 6, Plaintiff alleges that, pursuant to the CBA, "When working with other trades or local unions who receive a higher irregular shift differential, the Local 825 Employee will also receive the higher shift differential." (SAC Paragraph 42).  He alleges that he and other IUOE members regularly worked an "irregular shift" and were not provided with a higher irregular shift differential.  (SAC Paragraphs 43-46; 52, 54, 56, 60-61, 88-92). Plaintiffs claim is asserted as a state common law breach of contract claim.

He does not attempt to assert a claim under LMRA Section 301 which is the exclusive basis for federal jurisdiction over a claim for breach of a collective bargaining agreement and under which there exists a body of federal jurisprudence for adjudicating such claims. [4] <u>See Local 174,</u>

---

[4] Section 301 states as follows:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act, or between any such labor organizations, may be brought in any district court of

4376252_6

Teamsters, Chauffeurs, Warehousemen & Helpers of America v. Lucas Floor Co., 369 U.S. 95, 103 (1962)("The possibility that individual contract terms might have different meanings under state and federal law would inevitably exert a disruptive influence upon both the negotiation and administration of collective agreements."); Textile Workers v. Lincoln Mills, 353 U.S. 448, 456-57 (1957)(holding that for claims under the LMRA, state law does not provide an independent source of private rights).

Courts have recognized the applicability of the extraordinary "complete preemption doctrine" under LMRA § 301 where a claim involves analysis of a CBA. See, e.g., Walsh v. Int'l Bhd. of Elec. Workers (I.B.E.W.) Local 503, 62 F. Supp. 3d 300, 303 (S.D.N.Y. 2014); Silverman v. Verrelli, No. CIV.A. 11-6576 SRC, 2012 WL 395665, at *3 (D.N.J. Feb. 7, 2012). When the resolution of a state law claim is inextricably tied to a CBA "that claim must either be treated as a §301 claim . . . or dismissed as pre-empted by federal labor-contract law." Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 221 (1985).  Section 301's preemptive force is "so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization," making any such suit "purely a creature of federal law, notwithstanding the fact that state law would provide a cause of action in the absence of [LMRA Section 301]." Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 24 (1983).

---

the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).

Like <u>Garmon</u> preemption, Section 301 preemption also "ensure[s] uniform interpretation of collective-bargaining agreements, and thus . . . promote[s] the peaceable, consistent resolution of labor-management disputes." <u>Lingle v. Norge Div. of Magic Chef</u>, 486 U.S. 399, 409 (1988); <u>see also</u> <u>Baker v. Kingsley</u>, 387 F.3d 649, 657 (7th Cir. 2004). Therefore, a court must look to the legal character of the claim and where the resolution of a claim is sufficiently dependent on the interpretation of a CBA, it must be preempted. <u>Baker</u>, 387 F.3d at 657 (internal citations omitted); <u>Avedisian v. Quinnipiac Univ.</u>, 387 F. App'x 59 (2d Cir. 2010)(holding LMRA preempted breach of contract claim because collective bargaining agreement was source of rights she sought to vindicate).

It has been widely recognized that the compensation to which an employee is entitled is based on the language of the CBA between the parties. <u>See</u> <u>Antol v. Esposto</u>, 100 F.3d 1111, 1117 (3d Cir. 1996)(holding that suit for wages allegedly due under the Pennsylvania Wage Payment and Collection Law was "squarely on the terms of the collective bargaining agreement" and affirming the district court's dismissal of the case on the basis that the state law claim as plead was preempted by Section 301); <u>Lynn v. Jefferson Health System</u>, No. CIV 09-6086, 2010 WL 3656634, at *17 (E.D. Pa. Sept. 15, 2010)(holding that plaintiffs' claims were preempted and emphasizing that the wage provisions within the controlling CBAs were at the heart of the plaintiff's claims); <u>See</u> <u>Avedisian v. Quinnipiac Univ.</u>, 387 F. App'x 59 (2d Cir. 2010)(holding LMRA preempted breach of contract claim because collective bargaining agreement was source of rights she sought to vindicate).

4376252_6

11

Common law breach of CBA claims are preempted by LMRA Section 301 and therefore must either be dismissed or converted into a claim under Section 301.  In this case, the SAC fails to plead any of the essential elements of a Section 301 claim; therefore, Plaintiff's claims cannot be converted, and therefore must be dismissed.

Under Section 301 jurisprudence, generally, the Employer and the Union are the parties to the CBA and an individual cannot sue either on their own behalf or on behalf of other employees. In essence, they lack standing. See Brown v. Sterling Aluminum Prod. Corp., 365 F.2d 651, 657 (8th Cir. 1966)(holding that for an individual to bring an action under Section 301, he must be seeking to enforce a right that is "personal to him and vested in him at the time of the suit" but that "whenever the right sought to be enforced is not uniquely personal to the individual but is a right possessed by the bargaining unit as a whole, only the Union as the sole representative of that unit would normally have the standing to enforce the right.").  Only if the CBA, by its terms, allows them to proceed as an individual, can they do so.  However, if there is a grievance/arbitration process, the plaintiff must exhaust it first. See Republic Steel Corp. v. Maddox, 379 U.S. at 652–53; Salamea v. Macy's E., Inc., 426 F. Supp. 2d 149, 156 (S.D.N.Y. 2006)(holding that the employees failed to exhaust her administrative remedies where the claims fell squarely within the scope of the grievance and arbitration provisions); Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 220 (1985)("A rule that permitted an individual to sidestep available grievance procedures would cause arbitration to lose most of its effectiveness, . . . as well as eviscerate a central tenet of federal labor-contract law under § 301 that it is the arbitrator, not the court, who has the responsibility to interpret the labor contract in the first instance.")(internal citations omitted).   Typically, there is a

4376252_6

"step" process which ends in final and binding arbitration.  See, e.g. Allis-Chalmers Corp., 471 U.S. at 203.  An employee could, perhaps, seek to overturn the award pursuant to 301 and/or the Federal Arbitration Act under the standards to overturn an arbitration award which are high. See 9 U.S.C.A. § 10; Blue Tee Corp. v. Koehring Co., 754 F. Supp. 26, 31 (S.D.N.Y. 1990), judgment clarified, 763 F. Supp. 754 (S.D.N.Y. 1991)(stating "it is the Second Circuit's policy to read very narrowly courts' authority to vacate arbitration awards pursuant to the Act".).   If there is no grievance process to exhaust, then and only then can they can immediately sue for breach of CBA under LMRA Section 301.

If the plaintiff lacks standing as an individual under the terms of the CBA, then only the Union can pursue claims on employees' behalf.  If they fail to do so, then an individual may pursue a claim under LMRA Section 301 if, any only if, the plaintiff adequately pled excusal from the exhaustion requirements by either pleading that (1) the employer has repudiated the grievance procedure, or (2) that the union has breached its duty of fair representation.  Semper v. New York Methodist Hosp., 786 F. Supp. 2d 566, 585 (E.D.N.Y. 2011).  To prove that a union has breached its duty of fair representation, a plaintiff must prove that the union's actions or inactions are either arbitrary, discriminatory, or in bad faith and they must "demonstrate a causal connection between the union's wrongful conduct and their injuries.  Llanos v. Brookdale Univ. Hosp. & Med. Ctr., No. 10-CV-1726 DLI RML, 2011 WL 809615, at *2 (E.D.N.Y. Mar. 2, 2011).  In other words, they must plead that a grievance was brought to the union, they failed to appropriately pursue the grievance adequately (either they declined to pursue it, or they pursued it negligently) and had the Union done its job adequately, they would have prevailed.  See Vaca v. Sipes, 386 U.S. 171, 186

4376252_6

13

(1967)(holding a wrong-fully discharged employee may bring an action under LRMA Section 301 against his employer despite failure to exhaust contractual remedies if the employee can prove that the union as bargaining agent breached its duty of fair representation in its handling of the employee's grievance); DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 164 (1983)(holding that where the "union representing the employee in the grievance/arbitration procedure acts in such a discriminatory, dishonest, arbitrary, or perfunctory fashion as to breach its duty of fair representation", the employee may bring suit against both the employer and union under LMRA Section 301). These claims are sometimes referred to as a hybrid LMRA Section 301 claim where the employee seeks a remedy for both a breach of the collective bargaining agreement and a breach of the duty of fair representation. White v. White Rose Food, a Div. of DiGiorgio Corp., 128 F.3d 110, 114 (2d Cir. 1997); see also Verbal v. Giant of Maryland, LLC, 204 F. Supp. 3d 837, 845 (D. Md. 2016)("[I]n a so-called hybrid § 301 action, an employee may forego exhaustion by showing 'both 1) that the union breached its duty of fair representation and 2) that his employer violated the collective bargaining agreement.").

The statute of limitations for a LMRA Section 301 claim is six months. See DelCostello, 462 U.S. at 172; see also Doyle v. United Airlines, Inc., 914 F. Supp. 2d 325, 337 (E.D.N.Y. 2012)(holding that even if plaintiff could set forth sufficient facts to allege a hybrid LMRA Section 301 claim, her claim would still need to be dismissed because the statute of limitations for such claims is six months).

If Plaintiff's claims related to his wage rate, including but not limited to whether he was paid a higher "irregular shift" differential as purportedly required by the CBA are litigated, a court

4376252_6

will be required to review the CBA to determine Plaintiff's entitlement to relief and, if applicable, what relief is appropriate.  Under these circumstances, LMRA Section 301 clearly preempts Plaintiff's claims.  However, even if this Court converted Plaintiff's claims into claims under Section 301, Plaintiff lacks standing to bring his claims for breach of the CBA under LMRA Section 301 because he purports to be bringing them on behalf of all others in his bargaining unit and not solely on his own behalf.  Further, Plaintiff does not allege a breach of the duty of fair representation by the IUOE in his complaint, nor does he allege that he brought a grievance with the IUOE or made any attempt to exhaust the contractual grievance remedies under the CBA; therefore, Plaintiff's claims must be dismissed for failure to exhaust his administrative remedies.  Lastly, even if Plaintiff did state a claim under LMRA Section 301, his claim would be time barred.

### POINT IV

### PLAINTIFF'S NYLL ARTICLE 6 CLAIMS (FOURTH CLAIM FOR RELIEF) MUST BE DISMISSED AS A MATTER OF LAW BECAUSE PLAINTIFF DOES NOT SUFFICIENTLY ALLEGE A DEFICIENCY AS A MATTER OF LAW

Plaintiff alleges that "Defendants' willful failure to pay Plaintiff and the NYLL Class members overtime and prevailing wages and supplemental benefits, coupled with Defendants' failure to provide Plaintiff and members of the NYLL Class with a statement listing gross wages, deduction and net wages with each way payment are violations of Article 6 of the NYLL."  Not only does the above allegation not make grammatical sense, it would appear based on the face of the Complaint, given the absence of any allegations that Plaintiff did not receive regular pay stubs for each payroll that Plaintiff's allegations are entirely reliant upon his Breach of Contract claims.

4376252_6

Assuming that Plaintiff is solely alleging that he did not receive pay statements reflecting pay rates he never received (nor was entitled to under the CBA), this claim must be dismissed as a matter of law. See Heredia v. Americare, Inc., No. 17 CIV. 06219 (RWL), 2020 WL 3961618, at *15 (S.D.N.Y. July 13, 2020)(granting summary judgment to defendants on wage notice and wage statement claims where plaintiffs solely alleged that they were not provided with same reflecting wage rate and overtime claims which were likewise dismissed).

## **CONCLUSION**

For the foregoing reasons, Defendants pray that this Court enter an order, pursuant to FRCP 12(b)(6), dismissing in their entirety, with prejudice, Plaintiff's First, Second, Third, Fourth, Fifth, and Sixth Claims for Relief.

Dated:  New York, New York
        August 13, 2020

PECKAR & ABRAMSON, P.C.

By:    */s/ Gregory R. Begg*
        _____
        Gregory R. Begg, Esq.
        1325 Avenue of the Americas
        10th Floor
        New York, NY  10019
        (212) 382-0909
        *Attorneys for Defendants Skanska Koch, Inc. and Skanska Koch-Kiewit JV, Inc.*

4376252_6

16