```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
ANTHONY CORTESE, individually and on behalf of                     :
others similarly situated,                                         :
                                                                   :
                                        Plaintiff,                 :     20-cv-1632 (LJL)
                                                                   :
                    -v-                                            :     ORDER
                                                                   :
SKANSKA KOCH, INC. and KIEWIT                                      :
INFRASTRUCTURE, CO.,                                               :
                                                                   :
                                        Defendants.                X
-----------------------------------------------------------------------
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/22/2020
```

LEWIS J. LIMAN, United States District Judge:

Plaintiff, Anthony Cortese ("Cortese"), moves to file an amended complaint pursuant to Fed. R. Civ. P. 15(a). Dkt No. 52. The motion is granted.

Plaintiff Cortese is a union crane operator who was employed in 2015 to work on the Bayonne Bridge "Raise the Roadway Plan" construction project ("Bayonne Bridge Project") by the Skanska Koch-Kiewit JV ("SKKJV"). *See generally* Second Amended Complaint ("SAC"), Dkt. No. 30. SKKJV was the general contractor on the Bayonne Bridge Project pursuant to a joint venture with the Port Authority of New York ("PANY"). SAC ¶ 26. Cortese is also a member of the International Union of Operating Engineers, Local 825, based out of Springfield, New Jersey ("Local 825"). *Id*. ¶ 27. He worked on the Bayonne Bridge Project for five months, including on the New York City side of that project. *Id*. ¶ 34. The operative complaint, the Second Amended Complaint, alleges that Defendants have a policy not to pay their New Jersey union member employees one and a half times (i) the Davis-Bacon prevailing wage rate for Richmond County, New York or (ii) the New York City prevailing wage that was being paid to

New York union member employees for the same work on the New York side of the Bayonne Bridge span.  *Id*. ¶ 48.  Cortese asserts claims for violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), as well as under the common law for breach of contract.  *Id*. ¶¶ 62-92.  He purports to bring the claims on behalf of himself and all other similarly situated employees who worked on the Bayonne Bridge Project.  *Id*. ¶ 1.

The proposed Third Amended Complaint seeks to add five named Plaintiffs, James Kearney ("Kearney"), Daniel Julio ("Julio"), John Siciliano ("Siciliano"), Jeffrey Brooks ("Brooks"), and Mark Leyble ("Leyble") (collectively, the "Proposed Plaintiffs").  Dkt. No. 52.  The Proposed Plaintiffs were all iron workers who were members of a different union than Cortese, the Iron Workers Local Union No. 11, based out of Bloomfield, New Jersey.  Dkt. No. 53 at 4.  But they were all employed by SKKJV on the Bayonne Bridge Project and performed work on the New York side of the Bayonne Bridge span.  *Id*. at 4-5.  Kearney was employed on the Bayonne Bridge Project from October 2014 to February 15, 2019.  *Id*. at 4.  Julio was employed on the Bayonne Bridge Project from October 13, 2014 to May 21, 2017.  *Id*.  Siciliano was employed on the Bayonne Bridge Project from October 2014 through February 2019.  *Id*.  Brooks was employed on the Bayonne Bridge Project from October 2014 through February 2019.  *Id.*  Leyble was employed on the Bayonne Bridge Project from May 2014 through September 2015.  *Id*. at 5.  Like Cortese, they allege that they performed work on the New York side of the Bayonne Bridge span but did not receive the New York City prevailing wage rate or the Davis-Bacon prevailing wage rate for Richmond County, New York, to which they claim they were entitled.  *Id*.  They complain of the same wrong as Cortese:  They were significantly underpaid for work on the New York side of the Bayonne Bridge based on the requirements of the contract between SKKJV and PANY.  The proposed Third Amended Complaint asserts

2

identical claims on behalf of Cortese and the Proposed Plaintiffs as are asserted in the Second Amended Complaint with one exception:  The claims for breach of contract are replaced with additional claims for violation of the NYLL.  *Id.*

Fed. R. Civ. P. 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so required."  *See also*, *Ricciuti v. N.Y.C. Transit Auth.*, 914 F.2d 119, 123 (2d Cir. 1991) ("[I]t is rare that [leave to amend] should be denied").  The decision to grant leave to amend is subject to the sound discretion of the district court.  *Gurary v. Winehouse*, 235 F.3d 792, 801 (2d Cir. 2000) ("A district court has broad discretion in determining whether to grant leave to amend").

Finding that justice so requires, the Court exercises its discretion to permit the Third Amended Complaint here.  There is no prejudice to Defendants within the meaning of Rule 15 from the filing of an amended complaint and there will be no delay (much less undue delay) attendant to it.  Defendants have not yet filed an answer, the parties have not served discovery responses, no parties or witnesses have been deposed, and the motion was filed within the deadline for an amended pleading set by the Court in its case management plan.  Dkt No. 26. The proposed amendment relies on the same nucleus of operative facts as the earlier complaint with limited facts specific to the Proposed Plaintiffs and asserts essentially the same claims.  The new claim is in response to arguments raised by Defendants with respect to the breach of contract claim.  Moreover, although this is Plaintiff's fourth complaint in this action, it is Plaintiff's first motion for leave to amend and seeks to join plaintiffs who sought to join only after the Second Amended Complaint was filed.

Defendants have three objections to the motion for leave to file the amended complaint, none of which is persuasive at this stage.

First, Defendants complain that the Proposed Plaintiffs cannot be joined to the action filed by Cortese because Cortese was a crane operator member of Local 825 who was employed on the Bayonne Bridge Project in 2015 while the Proposed Plaintiffs were iron workers and members of a different union, who worked over a longer time period—from 2015 to 2019. Rule 20(a) allows the permissive joinder of plaintiffs if "(A) they assert any right to relief . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(1). Claims arise out of the "same . . . series of transactions or occurrences" when "the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit.'" *Ardoff v. Weber*, 332 F.R.D. 467, 480 (S.D.N.Y. 2019) (quoting *Kalie v. Bank of America Corp.*, 297 F.R.D. 552, 557 (S.D.N.Y. 2013)). Whether claims arise out of the same series of transactions "depend[s] not so much on the immediateness of their connection as upon their logical relationship." *Ardoff*, 332 F.R.D. at 480 (quoting *Moore v. N.Y. Cotton Exch.*, 270 U.S. 593, 610 (1926)).

The Third Amended Complaint easily satisfies the Rule 20(a)(1) tests. The claims of Cortese and the Proposed Plaintiffs all arise out of the same series of transactions and raise common questions of both law and fact. Proposed Plaintiffs, like Plaintiff, were (i) members of a New Jersey union, (ii) employed on the Bayonne Bridge Project in a period starting in 2015, (iii) performed work on the New York side of the Bayonne Bridge span, and (iv) were not paid the applicable New York City prevailing wage rate or the Davis-Bacon prevailing wage rate for Richmond County, New York for hours worked on the New York side of the Bayonne Bridge span. Those facts give rise to identical questions of law regarding the applicability of FLSA and

the NYLL and the interactions of those bodies of law with the National Labor Relations Act. Although the Proposed Plaintiffs were members of a different union and subject to a different collective bargaining agreement, those differences are irrelevant to the common legal questions presented by both sets of plaintiffs.  *Cf.  Cortese v. Skanska USA Inc., et al.*, 2020 WL 2748438, at *7 (S.D.N.Y. May 26, 2020) (ruling, in the context of a motion for conditional certification, that the argument that the plaintiffs are from different trades subject to different collective bargaining agreements and different prevailing wage regimes "is easily dispatched" because "[t]he essence of the claim—that defendants' contract with the Port Authority guarantees each laborer the prevailing wage associated with his trade for the location in which his work was performed—is the same for every plaintiff").

Second, Defendants object that they will suffer prejudice because a motion to dismiss is pending.  But that motion is not fully submitted and the Court has not yet ruled on any motion to dismiss.  As Defendants indeed appear to concede, many of the same arguments they have made against the Second Amended Complaint are readily, and without additional work, levelled against the Third Amended Complaint.  Those arguments do not turn upon the specifics of the trade of the plaintiff or the contents of the particular collective bargaining agreement to which they were subject but on the fact of a collective bargaining agreement at all and whether, in light of the collective bargaining agreement, a holding that Defendants were required to comply with the FLSA and NYLL would put them in violation of the National Labor Relations Act. "'[W]hen a plaintiff amends its complaint while a motion to dismiss is pending, . . . the court then has a variety of ways in which it may deal with the pending motion to dismiss, from denying the motion as moot to considering the merits of the motion in light of the amended complaint.'"  *Diaz v. Residential Credit Sols., Inc.*, 965 F. Supp. 2d 249, 254 (E.D.N.Y. 2013)

5

(quoting *Roller Bearing Co. of Am., Inc. v. Am. Software, Inc.*, 570 F. Supp.2d 376, 384 (D. Conn. 2008)).  The most efficient course of action here, both from the perspective of the court and from the perspective of the parties, is to address the legal issues presented all at once, and in connection with the Third Amended Complaint.

Finally, Defendants argue that the amendment is futile.  They claim that the Second Amended Complaint could not survive a motion to dismiss and therefore neither can the Third Amended Complaint.  But, unlike a situation in which the Court has already ruled on a motion to dismiss and a party seeks to amend to address the deficiencies identified by the Court, the Court has not here ruled on any complaint and thus not determined that the Second Amended Complaint is deficient.  To assess futility, the Court would have to address for the first time the both the allegations that that Third Amended Complaint carries forward from the Second Amended Complaint and those that are new.  That makes no sense on the facts here.  The Court will address the allegations of the Third Amended Complaint once after that complaint is filed and Defendants file their motion to dismiss.

## CONCLUSION

For the reasons stated, the motion to file the Third Amended Complaint is granted. Plaintiffs shall file the Third Amended Complaint no later than October 23, 2020.  Pursuant to the stipulation and order of the parties, *see* Dkt. No. 51, the currently pending motions to dismiss and motion for conditional collective action certification are dismissed without prejudice. Defendants shall have 14 days from the date of the entry of this Order to file their answers, motions to dismiss, and/or motion for conditional collective action certification.

The Clerk of the Court is respectfully directed to close the motions pending at Dkt Nos.

32, 43, 46, and 52.

    SO ORDERED.

Dated: October 22, 2020
      New York, New York

                                          LEWIS J. LIMAN
                                United States District Judge